**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **ANASTOYAN MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** _____ |
| | ) | |
| **U.S. SECURITY ASSOCIATES, INC.,** | ) | |
| **a/k/a and d/b/a USSA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**NOTICE OF REMOVAL**

_____

Defendant U.S. Security Associates, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notices the removal of this action from the Circuit Court of the Fifteenth Judicial District, Palm Beach County, Florida to the United States District Court for the Southern District of Florida.  In support of removal, Defendant states as follows:

**COMMENCEMENT OF ACTION IN STATE COURT**

1.      On December 16, 2016, Defendant received a copy of a Summons and Complaint styled *Anastoyan Miller v. U.S. Security Associates, Inc., a/k/a and d/b/a USSA,* Case No. 50-2016-CA-013737-XXXX-MB, filed in the Circuit Court of the Fifteenth Judicial District, Palm Beach County, Florida.  Copies of the Summons and Complaint are attached as Exhibit 1, as required under 28 U.S.C. § 1446(a).  These are the only process, pleadings, and orders served on Defendant in this action.  In addition, also attached as Exhibit 1 is the civil cover sheet filed in state court.  In compliance with Local Rule 7.2, these constitute all papers filed in the state court.

**JURISDICTION – GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP**

2.      This is a civil action over which the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.      Diversity of Citizenship**

3.      The Parties have complete diversity of citizenship.  Plaintiff is a citizen and resident of Palm Beach County, Florida and was at the time this lawsuit was commenced. (Compl. at ¶ 5.)  Defendant is a Delaware corporation with its principal office located at 200 Mansell Ct. East, Ste. 500, Roswell, GA, 30076.  (*See* Declaration of Eric Glasgow at ¶ ¶ 3 and 4, which is attached hereto as Exhibit 2.)[1]

**II.     The Amount in Controversy Exceeds $75,000**

4.      The amount in controversy, while not expressly set forth in the Complaint, exceeds $75,000, exclusive of interest and costs, in that Plaintiff seeks injunctive relief, reinstatement, compensation for lost wages (back pay, raises, bonuses, commissions, employee and related benefits), other renumeration, front pay, compensatory damages, punitive damages and attorneys' fees.  (Compl. at ¶ 55 and Prayer for Relief, pgs. 9 and 11.)  As Plaintiff seeks non-monetary relief and Florida law allows him to recover damages in excess of those demanded in the Complaint, his failure to specify the dollar amount of his damages does not defeat removal.  28 U.S.C. § 1446(c)(2)(A); *See Wilt v. Depositors Ins. Co.*, No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *6 (M.D. Fla. Nov. 26, 2013) (noting that Florida law allows plaintiffs to recover damages in excess of the amount demanded in a complaint).

---

[1] In analyzing removal, the court may look to the notice of removal and other evidence, including the removing defendant's own affidavit, declaration, or other documentation.  *See Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 770-71 (11th Cir. 2001).

5.       Where, as here, damages are not specified in the state court complaint, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  District courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in determining whether the jurisdictional amount is met, and the court does not have to "suspend reality or shelve common sense."  *Roe*, 613 F.3d at 1062.  Courts "should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover."  *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, *3 (M.D. Fla. July 14, 2014) (*quoting McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731-32 (11th Cir. 2014)).

6.       Plaintiff alleges violations of the Florida Whistleblower's Act ("FWA").  (Compl. at ¶¶ 40 through 45.)  Specifically, Plaintiff alleges that Defendant terminated his employment because he purportedly objected to violations of laws, rules and regulations.  (Id. at ¶¶ 19, 32, 33, 40 through 45.)

7.       Under the FWA, a plaintiff may recover, and this Plaintiff seeks, among other things, the following types of relief: an injunction restraining continued violation of the Act; reinstatement of Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position; reinstatement of full fringe benefits and seniority rights; compensation for lost wages, benefits, and other remuneration; any other compensatory damages allowable at law; reasonable attorneys' and paralegal fees, interest and costs; and any such other and further relief

that this Honorable Court deems just and proper.  *See* Fla. Stat. § 448.103(2); (Compl. at Prayer for Relief, pg. 12.)  Thus, the amount in controversy comprises all of these forms of relief.

8.      Plaintiff also alleges a negligence claim against USSA based upon the "Negligent Retention" of Vice President Luke Brant.  (Compl. at ¶¶ 46 through 58.)  Negligent retention . . . occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment. *See, e.g., Riddle v. Aero Mayflower Transit Co.,* 73 So.2d 71 (Fla.1954); *Tallahassee Furniture Co. v. Harrison*, 583 So.2d 744 (Fla. 1st D.C.A. 1991).

9.      Under a Negligent Retention claim, a plaintiff may recover, and this plaintiff seeks, compensatory and punitive damages.  *See Tallahassee Furniture Co. v. Harrison*, 583 So.2d 744 (Fla. 1st D.C.A. 1991)(Compl., ¶ 36, Prayer for Relief, pgs 11, 12).

### A.      Back Pay and Front Pay

10.      Back pay and front pay are part of the amount in controversy.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002); *Penalver v. Northern Electric, Inc.*, No. 12-80188, 2012 WL 1317621, *2 (S.D. Fla. April 17, 2012).  Back pay is calculated from the date of the adverse action to the anticipated trial date. *Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05CV120/MCR, 2006 WL 481667, *3 (N.D. Fla. Feb. 27, 2006).

11.      Between his date of hire on March 31, 2015 and his date of termination on March 28, 2016, Plaintiff earned $ $47,756.53.  (Eric Glasgow Decl. at ¶ 8)[2]  In 2016, Plaintiff's average weekly wages were $1,149.59 for the 12 weeks he was employed.  (Eric Glasgow Decl. at ¶ 9).

---

[2] From March 30, 2015 through December 30, 2015, Plaintiff earned $33,961.48.  From January 1, 2016 through March 28, 2016, Plaintiff earned $13,795.05.  (Eric Glasgow Decl. at ¶¶8, 12).

12. Thus, it is reasonable to assume, for purposes of calculating the amount in controversy, that the amount of back pay in controversy up to the filing of the lawsuit is approximately $42,534.83 (approximately 37 weeks from the date of Plaintiff's termination). A conservative estimate of when this matter will go to trial is December 2017, one year after Plaintiff filed his lawsuit. Thus, the amount of back pay in controversy is $102,313.51 (89 weeks of $1,149.59 weekly pay).

13. As to front pay, courts have found that one year of front pay is a reasonable assumption in calculating the amount in controversy. *Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (finding one year of front pay to be a reasonable estimate of the amount in controversy in an FCRA case). Therefore, the front pay at issue is approximately $59,778.68 (52 weeks of $1,149.59 weekly pay).

14. Accordingly, it is more likely than not that the wages in controversy are $162,092.19.

**B.     Punitive Damages**

15. Under the Negligent Retention claim, Plaintiff seeks to include punitive damages. *See Tallahassee Furniture Co. v. Harrison*, 583 So.2d 744 (Fla. 1st D.C.A. 1991)(Prayer for Relief, Compl. pg. 11). Punitive damages are included in the jurisdictional amount. *McDaniel*, 568 F. App'x at 731-32. Defendant "need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *Id*. (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir.2011). ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."). "Any inquiry into whether [plaintiff] *would* actually recover these amounts is

unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could.*"   *McDaniel,* 568 F. App'x 729, 731-32 (11th Cir. 2014).   Thus, given the $162,092.19 in wages and the potential punitive damages, the amount in controversy, including only wages and punitive damages, unquestionably exceeds $75,000.00.

### B.   Compensatory Damages

16.   There is no limit on the amount of compensatory damages available to Plaintiff. Fla. Stat. § 760.11(5).   Florida courts have found that non-economic damages for pain and suffering in a typical discrimination case should not exceed the $5,000 to $30,000 range. *Wineberger v. Racetrac Petroleum, Inc*., No. 5:14-cv-653, Oc-30PRL, 2015 WL 225760, *4 (M.D. Fla. Jan. 16, 2015) (collecting cases).

### C.   Attorneys' Fees

17.   "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."   *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000).   The FWA authorizes an award of "reasonable attorneys' fees" to the prevailing party.   Fla. Stat. § 448.104.   Attorneys' fees should be calculated through trial. *See Hall v. Am. Sec. Ins. Co.*, No. 09-21697, 2009 WL 2215131, at *1-2 (S.D. Fla. 2009); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. 2007).[3]   *Brown*, 2005 WL 1126670,

---

[3] Conflicting case law exists as to whether attorneys' fees should be calculated as of the removal date or through the trial date to determine the amount in controversy.   *See, e.g., Lott & Friedland P.A. v. Creative Compounds, LLC*, 2010 WL 2044889, at *3 (S.D. Fla. April 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, 2009 WL 3667073, at *2-3 (S.D. Fla. Oct. 26, 2009); *Englemann v. Hartford Cas. Ins. Co.*, 2009 WL 5176551, at *3 (M.D. Fla. Dec. 23, 2009).   Nevertheless, the better approach would be to calculate attorneys' fees through the trial date in determining the amount in controversy, as such approach would be consistent with how the Northern District calculates potential back pay awards (i.e. through the trial date).

at *4 (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)).

18.     In this case, Defendant estimates that Plaintiff's counsel may spend 250 hours litigating this case through trial.  Such an estimate is consistent with how district courts within the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating a case.  *See St. Fleur v. City of Ft. Lauderdale*, 149 Fed. Appx. 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1500 hours litigating Title VII claims through trial); *Holland v. Gee*, No. 8:08-cv-2458, 2012 WL 5845010, at *2 (M.D. Fla. 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case that proceeded through trial).  Accordingly, based on the forgoing, the Court should find that 250 hours is a reasonable estimate of the hours Plaintiff's counsel will spend litigating this case.  *See also*, *Cross v. Wal-Mart Stores East, L.P.*, No. 4:11-cv-00135-RH-CAS, Docket Entry # 78 (N.D. Fla. November 10, 2012) (awarding 282 hours in attorneys' fees).[4]

19.     Plaintiff's counsel, Steven Schwarzberg, has been practicing for approximately 36 years (admitted to Florida Bar on October 20, 1980).  Using an extremely conservative estimate of $300 per hour, the amount of attorneys' fees in controversy is $75,000 (250 hours x $300 per hour).  *See Schultz et al. v. School Bd. Of Miami Dade County, Fla.*, 2003 U.S. Dist. LEXIS 26675 (S.D. Fla. Oct. 24, 2003) (awarding one defendant over $83,000 in attorneys' fees); *Mock v. Bell Helicopter Textron, Inc.*, 2010 WL 5066121 (M.D. Fla. Sept. 2010) (awarding plaintiff $342,207.81 in attorneys' fees in discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-cv-2012,  2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening attorney

---

[4] This Docket Entry is attached as Exhibit 3.

was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar).

20.     Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332, and Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441(b) because a preponderance of the evidence (*i.e.,* Plaintiff's requested categories of relief) demonstrates that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states.  Consequently, this Court has subject matter jurisdiction based on diversity of citizenship.

21.     This Notice of Removal is being filed in the United States District Court for the district and division within which the action is currently pending.  Venue is proper in this Court.  This Notice of Removal is being filed within thirty (30) days after Defendant's receipt of a copy of the Complaint, and is therefore timely filed under 28 U.S.C. § 1446(b).

## NOTICE TO PLAINTIFF AND STATE COURT

22.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the removal of this action to the clerk of the Circuit Court of the Fifteenth Judicial District, Palm Beach County, Florida by filing a Notice of Filing this Notice of Removal, and Defendant is contemporaneously giving Notice to the Plaintiff of this removal.

WHEREFORE, Defendant removes this action from the Circuit Court of the Fifteenth Judicial District, Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division.

8

Respectfully submitted,

*/s/Jennifer Monrose Moore*
Jennifer Monrose Moore, Esquire
Florida Bar No. 35602
jennifer.moore@ogletreedeakins.com
William Grob, Esq.
Florida Bar No
william.grob@ogletreedeakins.com
Donna M. Griffin, Esquire
Florida Bar No. 886335
donna.griffin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone: 813.289.1247
Facsimile:  813.289.6530

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2017, Defendant's Notice of Removal was filed with the Clerk of Court via the CM/ECF filing system and a true and correct copy was served via e-mail and U.S. First Class Mail upon:

Steven L. Schwarzberg
Lisa Kohring
Schwarzberg & Associates
625 North Flagler Drive, Suite 600
West Palm Beach, Florida  33401


*/s/Jennifer Monrose Moore*
Attorney

28249768.1

9